United States District Court
For the Northern District of California

**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL WILLIAMS,

    Plaintiff,

vs.

SANTA CRUZ COUNTY SHERIFF'S DEPARTMENT, et al.

    Defendants.

No. C 01-0739 PJH (PR)

**ORDER GRANTING SUMMARY JUDGMENT**

(Doc 224)

    This is a civil rights case filed pro se by a state prisoner. In September of 2005 the court granted the motions for summary judgment filed by defendants Santa Cruz County Sheriff's Department, Craig Wilson, James Skillicorn, James Thurber, Amy Christey and Roy Morales; defendant McGannon; and defendants Rahiri and Ragsac. This disposed of most of the case, except for claims against Marge Bailey, Watsonville Community Hospital, and Agustina Vargas. There had been considerable difficulty serving Bariley, but she was successfully served just before the ruling on the motions for summary judgment was entered. Because plaintiff had not yet opposed the motion for summary judgment of Watsonville Community Hospital and Agustina Vargas when the court ruled on the other motions for summary judgment, it was not decided at the same time. Bailey has now joined in Vargas' and the hospital's motion for summary judgment and plaintiff has opposed it. The court rules as follows.

**BACKGROUND**

    Plaintiff escaped from the custody of the Santa Cruz County Sheriff's Department. Before he escaped he was shackled and handcuffed, leading authorities to suspect that he

possessed a key to unlock the handcuff. He was apprehended by Monterey County Sheriff's deputies about eight hours after the escape. During the course of his apprehension, he was bitten by a police dog. The officers took him to Watsonville Community Hospital, where he was treated for the dog bite. He was also x-rayed in search of a handcuff key, and his blood was drawn for a blood test.

## DISCUSSION

A.   Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.*

B.   Motion

In the ruling on earlier motions for summary judgment the court concluded that there was no genuine issue of fact that plaintiff was a convicted prisoner when he escaped from custody while being transported by deputies of the Santa Cruz County Sheriff's Department and the he escaped despite having been handcuffed and shackled, leading the authorities to believe that he had obtained a handcuff key. He was recaptured by Monterey County

sheriff's deputies after about eight hours, and taken to Watsonville hospital where the deputies ordered that he be x-rayed and that blood be drawn.  The court concluded that on these facts plaintiff's Fourth and Eighth Amendment rights were not violated.

The present motion is based on these same facts and once again there is no dispute as to these facts.  For the reasons set out in the court's ruling of September 20, 2005, the motion for summary judgment of defendants Watsonville Community Hospital, Agustina Vargas, and Marge Bailey (doc 224) is **GRANTED**.  As this ruling disposes of the case, the clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  March 3, 2006.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.01\WILLIAMS0739.SJ-WAT